UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy No. 10 B 33008 |
| | ) | Chapter 7 |
| WARREN and HAZEL BARR, | ) | Judge John H. Squires |
| | ) | |
| Debtors. | ) | |

## MEMORANDUM OPINION

This matter comes before the Court on a motion for sanctions filed by Warren and Hazel Barr (the "Debtors") against Graue Mill Country Condominium I Association ("Graue Mill") for violation of the Court's discharge order and the defense raised by Graue Mill that its claim, if pre-petition, is excepted from discharge under 11 U.S.C. § 523(a)(16). For the reasons set forth herein, the Court denies the Debtors' motion for sanctions.

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (I), and (O). The parties on the record agreed to waive the requirements of Fed. R. Bankr. P. 7001(6) to determine the dischargeability issue in the procedural context of the Debtors' contested motion. *See In re Pence*, 905 F.2d 1107, 1109 (7th Cir. 1990); *In re Perkins*, 902 F.2d 1254, 1258 (7th Cir. 1990).

## II. FACTS AND BACKGROUND

The material facts are undisputed. On July 26, 2010, the Debtors filed a voluntary Chapter 7 bankruptcy petition. The Clerk of the Court sent out notice of the Debtors' bankruptcy to all parties in interest, including Graue Mill. A discharge order was entered on October 19, 2010.

At all relevant times, the Debtors have resided in a condominium property located at 1409 Burr Oak Road, Unit 402A, Hinsdale, Illinois. Two days pre-petition, on July 24, 2010, the building in which the Debtors reside sustained significant flood damage. At a board of directors meeting on September 28, 2010, Graue Mill levied a special assessment ("Special Assessment") payable thereafter against all condominium owners of the building, including the Debtors, to cover the cost of the flooding. On October 6, 2010, Debtors' counsel sent a letter to Graue Mill property manager Dawn Kolar advising that the Special Assessment is a pre-petition debt dischargeable in bankruptcy. On March 2, 2011, the Debtors received a "Thirty Day Notice and Demand" from Graue Mill in reference to the Special Assessment. The Debtors' counsel sent an additional letter to Graue Mill's counsel on March 14, 2011, stating that the Debtors received a discharge in bankruptcy and that all collection attempts must cease. Graue Mill instituted an action in state court for forcible entry and detainer against the Debtors on April 27, 2011 for failure to pay the Special Assessment. The Debtors' counsel contacted Vontero L. White, a paralegal with Kovitz, Shifrin & Nesbit, P.C., counsel for Graue Mill, indicating that Graue Mill had violated the discharge order. No resolution was reached.

The Debtors filed this motion for sanctions on May 26, 2011, seeking sanctions against Graue Mill for willful violation of the discharge order and an award of damages, including attorneys' fees, damages for emotional distress, and punitive damages.


-3-

## III. APPLICABLE STANDARDS

Once a discharge is granted, it supplants the automatic stay of 11 U.S.C. § 362(a) and it voids any judgment at any time obtained to the extent it is determined to be the personal liability of the debtor with respect to any debt discharged under 11 U.S.C. § 727. 11 U.S.C. § 524(a)(1). It "operates as an injunction against the commencement or continuation of an action . . . or an act, to collect, recover or offset any such debt as a personal liability of the debtor . . . ." 11 U.S.C. § 524(a)(2). Section 727(b) only discharges "debts that arose before the date of the order for relief." 11 U.S.C. § 727(b).

A willful violation of the post-discharge injunction granted by § 524 is punishable by contempt sanctions. *In re Pincombe*, 256 B.R. 774, 782 (Bankr. N.D. Ill. 2000) (citing *In re Andrus*, 184 B.R. 311, 315 (Bankr. N.D. Ill. 1995)). The Court's authority to impose these sanctions stems from 11 U.S.C. § 105(a) which allows the Court to issue any order necessary or appropriate to enforce its orders. *In re Vazquez*, 221 B.R. 222, 227 (Bankr. N.D. Ill. 1998). The burden is on the debtor to establish a violation by clear and convincing evidence. *In re Weinhold*, 393 B.R. 623, 628 (Bankr. E.D. Wis. 2008) (citing *Pincombe*). The test used to determine a willful violation of the automatic stay under 11 U.S.C. § 362 is applicable to the determination of a willful violation of the post-discharge injunction under § 524. *Pincombe*, 256 B.R. at 783. In order to prove that a discharge injunction has been violated, "the debtor must show that the creditor acted intentionally, with knowledge that his act was in violation of the automatic stay [or injunction]." *In re Kewanee Boiler Corp.*, 297 B.R. 720, 736 (Bankr. N.D. Ill. 2003) (internal quotation omitted).

-4-

## IV. DISCUSSION

### A. Pre-Petition vs. Post-Petition Debt

The Debtors argue that the Special Assessment was a pre-petition debt under the "conduct theory." The "conduct theory" examines whether a debt is pre-petition or post-petition depending on "the date of the conduct giving rise to the claim." *Aldrich v. Papi (In re Papi)*, 427 B.R. 457, 465 (Bankr. N.D. Ill. 2010). The conduct theory includes contingent and unmatured claims. *Id.* at 466. The Debtors argue that the claim of Graue Mill for the Special Assessment arose when the flood in the Debtors' building occurred – July 24, 2010, two days prior to the petition date. The Debtors contend that Graue Mill's claim was contingent and that the future event which resolved liability was the passing of the Special Assessment. Graue Mill argues that the conduct in question is not the flood, but the act of owning and occupying the subject property post-petition and that the Special Assessment was not made until after the Debtors filed their bankruptcy petition.

Graue Mill relies on *In re Rivera*, 256 B.R. 828 (Bankr. M.D. Fla. 2000) in asserting that the Special Assessment is a post-petition debt. *Rivera* described the three lines of authority on the dischargeability of post-petition assessments to community associations. One line held that post-petition assessments are nondischargeable because the obligation to pay assessments arises from a covenant running with the land. *Id.* at 831 (citing cases). A second line has held that such assessments are dischargeable because they arise from a pre-petition contract. *Id.* (citing cases). The final line of authority formed a compromise, holding that post-petition assessments are dischargeable unless the debtor resided in or leased the unit. *Id.* (citing cases). Graue Mill encourages this Court to adopt the first line of cases, as the court did in *Rivera*.

-5-

However, the Seventh Circuit has already spoken on this issue, agreeing with the second line of cases in holding that post-petition assessments are to be treated as pre-petition debts and discharged in bankruptcy because they emanate from a pre-petition contract between the debtor and the condominium association. *In re Rosteck*, 899 F.2d 694, 697 (7th Cir. 1990). The facts of *Rosteck* are similar to the facts at bar. After the filing of the debtors' bankruptcy petition, their condominium association levied certain assessments. *Id.* at 695. The Seventh Circuit found that the debtors had a debt for future assessments under the Bankruptcy Code based on the pre-petition contract which made them liable for assessments that may or may not be levied in the future. *Id.* at 696-97. Therefore, under prevailing Seventh Circuit case law, which this Court is obliged to follow, the Special Assessment is a pre-petition debt and the Court need not further address the Debtors' arguments regarding the "conduct theory." The Court now turns to the defense raised under § 523(a)(16) which was added to the Code after *Rosteck* was decided.

### B.    Section 523(a)(16)

In 1994, Congress attempted to address a split of authority on the dischargeability of condominium association fees and assessments by adding a new subsection to § 523, which provides exceptions to discharge for certain debts. The 1994 statute provided for an exception to discharge

> (16) *for a fee* that becomes *due* and *payable after the order for relief* to a membership association with respect to the debtor's interest in a dwelling unit that has condominium ownership or in a share of a cooperative housing corporation, *if* such fee is *payable for a period during which–*
> (A) *the debtor physically occupied a dwelling unit in the condominium or cooperative project; or*

-6-

> (B) the debtor rented the dwelling unit to a tenant and received payments from the tenant for such period, but nothing in this paragraph shall except from discharge the debt of a debtor for a membership association fee for a period arising before entry of the order for relief in a pending or subsequent bankruptcy proceeding.

11 U.S.C. § 523(a)(16) (1994) (emphasis added).

"It appears that § 523(a)(16) was intended to preempt any argument that postpetition fees and assessments should be considered prepetition obligations because they relate to the prepetition past when the debtor acquired the condominium unit and accepted responsibility to pay assessments." *In re Ames*, 447 B.R. 680, 682 n.3 (Bankr. D. Mass. 2011). One court explained that the bill's sponsors intended "that the debt be nondischargeable if the debtor enjoyed the benefits of post-petition ownership." *Old Bridge Estates Cmty. Ass'n, Inc. v. Lozada (In re Lozada)*, 214 B.R. 558, 562 (Bankr. E.D. Va. 1997). The legislative history indicates congressional concern that the burden from unpaid assessments by bankrupt debtors who continue to own, occupy, or benefit from their units post-petition not be effectively borne by the other unit holders and owners in the building. *See* 140 CONG. REC. S14750-01 (daily ed. Oct. 7, 1994) (statements of Sen. Heflin).

In 2005, the Bankruptcy Abuse and Consumer Protection Act ("BAPCPA") amended § 523(a)(16) to include homeowners' associations. BAPCPA was also intended "to broaden the protection accorded to community associations with respect to fees or assessments arising from

-7-

the debtor's interest in a condominium. . . ." H.R. REP. NO. 109-31, at 68 (2005), *reprinted in* 2005 U.S.S.C.A.N. 88. The current version allows for an exception to discharge

> for a fee or *assessment that becomes due and payable after the order for relief* to a membership association *with respect to the debtor's interest in a unit that has condominium ownership*, in a share of cooperative corporation, or a lot in a homeowners association, *for as long as the debtor or the trustee has a legal, equitable, or possessory ownership interest in such unit such corporation*, or such lot, but nothing in this paragraph shall except from discharge the debt of a debtor for membership association fee or assessment for a period arising before entry of the order for relief in a pending or subsequent bankruptcy case.

11 U.S.C. § 523(a)(16) (emphasis added).

The Debtors argue that if the claim arose post-petition then it is rendered non-dischargeable under § 523(a)(16), but if it is a pre-petition debt, then § 523(a)(16) does not apply. The Debtors misread the statute. Section 523(a)(16) requires only that the *assessment* come due and payable post-petition, not that the *debt* arise post-petition. The Special Assessment was made two months after the petition date and did not become due or payable until after that date. This result is in conformity with the legislative intent of the statute because the Debtors have enjoyed the benefits of post-petition ownership and possession.

Finally, the Debtors argue that the Special Assessment qualifies as a debt for an assessment "for a period arising before entry of the order for relief." 11 U.S.C. § 523(a)(16). The Debtors argue that because the flood which gave rise to the Special Assessment happened pre-petition, the debt for the Special Assessment is for a period arising pre-petition. This interpretation cannot be correct. The Debtors focus on the time of the conduct which gave rise to the debt in order to determine the applicable period. However, if the conduct that gave rise to

-8-

the debt arose in a post-petition period, it would eviscerate the intended effect of § 523(a)(16) as post-petition debts are not discharged anyway. The more likely meaning of the term "period" is the assessment period, referring to the time the assessment was made. The Special Assessment was made two months after the petition date and, thus, was made during a period arising after the entry of the order for relief. Therefore, the Special Assessment falls within the scope of § 523(a)(16) and is excepted from their Chapter 7 discharge.

### C. Sanctions

In order to succeed on its motion for sanctions, the Debtors must demonstrate that Graue Mill acted intentionally and with knowledge that the attempt to collect the Special Assessment was in violation of the discharge injunction. *See Kewanee Boiler Corp.*, 297 B.R. at 736. As discussed above, the Special Assessment falls within the scope of the exception of § 523(a)(16). Graue Mill believed in good faith that its debt was not discharged by the discharge order entered on October 19, 2010. Therefore, the Debtors have failed to show that Graue Mill acted with the requisite intent and knowledge to violate the discharge order. The Court accordingly need not discuss the claimed damages and fees sought by the Debtors.

### V. CONCLUSION

For the foregoing reasons, the Court denies the Debtors' motion for sanctions for Graue Mill's attempt to collect the Special Assessment and determines that the debt is excepted from discharge under § 523(a)(16).

-9-

This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate order shall be entered pursuant to Federal Rules of Bankruptcy Procedure 5003 and 9021.

**ENTERED:**

DATE: 9/6/11

John H. Squires
United States Bankruptcy Judge

cc: See attached Service List

## SERVICE LIST

### Warren and Hazel Barr
### Bankruptcy Case No. 10 B 33008

Gina B. Krol, Esq.
Cohen & Krol
105 W. Madison Street, Suite 1100
Chicago, IL 60602

David R. Brown, Esq.
Springer, Brown, Covey, Gaertner & Davis
400 S. County Farm Road, Suite 330
Wheaton, IL 60187

Richard W. Hillsberg, Esq.
Ronald J. Kapustka, Esq.
Kovitz Shifrin Nesbit PC
750 W. Lake Cook Road, Suite 350
Buffalo Grove, IL 60089

Patrick S. Layng, United States Trustee
219 S. Dearborn Street
Suite 873
Chicago, IL 60604